IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **PATRICK S. PARR,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 06-0258-WS-C |
| | ) |
| **JOHN JACKSON, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion to remand. (Doc. 8). The corporate defendant ("State Farm") has filed a response, (Doc. 9), and the motion is ripe for resolution. After carefully considering these and other relevant materials in the file, the Court concludes that the motion is due to be denied.

State Farm removed this action from the Circuit Court of Hale County on the basis of diversity of citizenship. (Doc. 1). The complaint names State Farm and John Jackson as defendants. Jackson, like the plaintiff, is an Alabama citizen. (Doc. 8 at 1). The plaintiff "admits" that the only cause of action directed towards Jackson is one for fraud. (*Id*. at 5). The only fraud claim asserted in the complaint alleges that "Defendants represented to Plaintiff that it [sic] would pay all monies due under said contract" and did so "with the deceitful intention of inducing Plaintiff to enter into said contract." (Doc. 1, Exhibit B at 5, ¶¶ 18-19). That is, the complaint alleges that the defendants fraudulently induced the plaintiff to enter the insurance contract. The plaintiff, however, acknowledges that Jackson is merely "the insurance adjuster who handled Plaintiff's claims," (Doc. 8 at 1, ¶ 5); that is, the plaintiff admits that Jackson had nothing to do with the plaintiff or his contract until long after it was entered and so could not possibly have fraudulently induced the plaintiff to enter the contract.

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find

that joinder was proper and remand the case to state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983).  Conversely, if no such possibility exists, the joinder is fraudulent as a matter of law.  *Id*. at 1440.[1]

The complaint, as clarified by the plaintiff's admissions limiting his claim against Jackson to one of fraud in the inducement of the contract, and limiting Jackson's role to one of post-contract claim adjustment, establishes that there is no possibility that a state court would find the complaint to state a cause of action against Jackson.[2]

The plaintiff also weakly suggests that State Farm has not met its burden of showing by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000.  (Doc. 8 at 5).  On the contrary, State Farm has presented the plaintiff's own repair estimate, totaling some $94,757.  (Doc. 1, Exhibit D).  It has also presented the declarations page, which reflects that the policy limits exceed $100,000.  (*Id*., Exhibit C).  Thus, the best evidence is that the plaintiff seeks to recover over $75,000 in contract damages alone and the contract allows recovery of that amount.  Since the plaintiff elected to provide no evidence at all concerning the amount in controversy, State Farm's evidence constitutes a preponderance, all favoring the conclusion that the amount in controversy requirement is satisfied.

For the reasons set forth above, the plaintiff's motion to remand is **denied**.

DONE and ORDERED this 16th day of May, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1]*Accord Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997)(issue is "whether the facts alleged in Plaintiffs' complaint state even an arguable cause of action under Georgia law")(emphasis omitted).  The plaintiff admits that this is the controlling standard.  (Doc. 8 at 4).

[2]The Court is required to consider any undisputed evidence tending to negate the plaintiff's claim.  *Legg v. Wyeth, Inc.*, 428 F.3d 1317, 1323 (11th Cir. 2005).  It must likewise credit the plaintiff's admissions in brief.