Case 2:06-cv-00258-WS-C   Document 12   Filed 05/16/06   Page 1 of 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **PATRICK S. PARR,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **CIVIL ACTION 06-0258-WS-C** |
| | ) |
| **JOHN JACKSON, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

**ORDER**

    This matter is before the Court on the motion of defendant State Farm Fire and Casualty Company ("State Farm") to dismiss Count Four of the complaint. (Doc. 3). The plaintiff declined the Court's invitation to respond, (Doc. 7), and the motion is ripe for resolution.

    Count Four alleges that State Farm "negligently and/or wantonly caused Plaintiff to suffer damages." (Doc. 1, Exhibit B at 6, ¶ 29). Count Four does not expressly identify the respect in which State Farm acted negligently and/or wantonly, but it does incorporate by reference the preceding paragraphs of the complaint. (*Id*., ¶ 28). Those paragraphs allege that the plaintiff's residence was damaged by fire and that State Farm breached the contract and committed fraud and bad faith by failing to pay the plaintiff's resulting claim. (*Id*., ¶¶ 12, 15, 18, 26). It is thus clear that Count Four alleges that State Farm negligently and/or wantonly handled, or failed to pay, the plaintiff's claim.

    "[M]ere negligence or mistake is not sufficient to support a claim of bad faith; there must be a refusal to pay, coupled with a conscious intent to injure." *Ex parte Government Employees Insurance Co.*, 729 So. 2d 299, 306 (Ala. 1999). That is, "[b]ad faith is an intentional tort ...." *Jones v. Alfa Mutual Insurance Co.*, 875 So. 2d 1189, 1193 (Ala. 2003). Moreover, "[t]his Court has consistently refused to recognize a cause of action for the negligent handling of insurance claims." *Pate v. Rollison Logging Equipment, Inc*., 628 So. 2d 337, 345 (Ala. 1993). Likewise, "this Court ... will not recognize a cause of action for alleged wanton handling of insurance claims." *Kervin v. Southern Guaranty Insurance Co.*, 667 So. 2d 704, 706 (Ala. 1995).

In short, the Alabama Supreme Court has explicitly rejected as non-existent the very causes of action the plaintiff attempts to bring under Count Four.  Accordingly, State Farm's motion to dismiss is **granted**, and Count Four is **dismissed**.  Because the plaintiff is represented by counsel but has not attempted to amend the complaint, this dismissal is without leave to amend. *Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541, 542 (11th Cir. 2002)(en banc).

DONE and ORDERED this 16th day of May, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE